# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JILL M. WALKER and )
DAVID W. WALKER, )
      )
        Plaintiffs, )
      )
     v. )   C.A. No. N25C-11-256 SKR
      )
NEW CASTLE COUNTY )
DELAWARE, a political subdivision )
of the State of Delaware, NEW )
CASTLE COUNTY DEPARTMENT )
OF PUBLIC WORKS, )
NEW CASTLE COUNTY )
DEPARTMENT OF LAND USE, and )
NVR. INC. d/b/a RYAN HOMES, )
      )
        Defendants. )

Submitted: May 19, 2026
Decided: August 4, 2026

## MEMORANDUM OPINION AND ORDER

*Upon Defendants New Castle County, Department of
Land Use, and Department of Public Works' Motion for Partial Dismissal:*
**GRANTED.**

Donald J. Detweiler, Esq., Marcy J. McLaughlin Smith, Esq., WOMBLE BOND DICKINSON (US) LLP, Wilmington, Delaware, *Attorneys for Plaintiffs*.

Helene Episcopo, Esq., NEW CASTLE COUNTY OFFICE OF LAW, New Castle, Delaware, *Attorney for County Defendants*.

Scott G. Wilcox, Esq., GIORDANO & GAGNE, LLC, Wilmington, Delaware, *Attorney for NVR, Inc. d/b/a Ryan Homes*.


**RENNIE, J.**

## I.  INTRODUCTION

This action arises from a residential sewage backup that occurred in November 2023. Plaintiffs Jill M. Walker and David W. Walker allege that a mainline blockage in New Castle County's sewer system caused wastewater to overflow into their basement. Following the incident, the Walkers discovered that their home—built by Defendant Ryan Homes and inspected by Defendant New Castle County in 2000—lacked a code-mandated backflow prevention valve. The Walkers subsequently sued the builder, the County, and two of the County's administrative agencies: the Department of Land Use and the Department of Public Works.

The municipal defendants have moved for partial dismissal on two grounds. First, the Departments of Land Use and Public Works contend they are sub-agencies of the County that lack the legal capacity to be sued as independent entities. Second, New Castle County argues that it is immune from liability for its regulatory inspections and the issuance of a Certificate of Occupancy under the County and Municipal Tort Claims Act. Because the departmental defendants are not suable entities, and because the County is statutorily immune from tort claims arising out of its regulatory operations, the motion for partial dismissal is **GRANTED**.

## II.    BACKGROUND[1]

### A.    The Parties

Plaintiffs Jill M. Walker and David W. Walker (the "Walkers") are residents of the State of Delaware who reside at 2 East Weatherly Road, New Castle, Delaware (the "Residence").[2]

Defendant New Castle County (the "County") is a political subdivision of the State of Delaware.[3] Defendant New Castle County Department of Public Works ("Public Works") and Defendant New Castle County Department of Land Use ("Land Use") are administrative agencies of the County.[4]

Defendant NVR, Inc. d/b/a Ryan Homes ("Ryan Homes") is a Delaware corporation that built and sold the Residence.[5]

### B.    The Sewage Spillage

On July 26, 1999, the Walkers contracted to purchase the Residence from Ryan Homes while it was still under construction.[6] Upon completing construction, Ryan Homes requested a Certificate of Occupancy from the County.[7]

---

[1] The facts are drawn from the allegations in the complaint and the documents incorporated therein. *See* D.I. No. 1 ("Compl."). These allegations are presumed to be true solely for the purposes of this motion. The Court also references the parties briefing. *See* D.I. No. 9 ("Mot."); D.I. No. 11 ("Opp'n"); D.I. No. 14 ("Reply").
[2] Compl. at ¶ 3.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶¶ 5–6.
[5] *Id.* at ¶¶ 8–10.
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 14.

The Residence's basement contained a working bathroom.[8] At that time, Delaware and New Castle County had adopted the 1995 International Plumbing Code, which required the installation of a backflow valve on any lateral sewer line serving a residential structure.[9] Following an inspection of the property, Land Use issued the requested Certificate of Occupancy on February 24, 2000.[10]

The Walkers moved in and left the home's original plumbing and lateral sewer lines entirely unaltered for more than two decades.[11] On November 26, 2023, however, a blockage in the county sewer system caused sewage to overflow from the Walkers' basement toilet.[12] The Walkers immediately notified the County.[13] A municipal service crew responded to the scene and eventually cleared the mainline blockage late that afternoon.[14] Despite the crew's efforts, sewage backed up and discharged into the home for over seven hours, causing extensive damage to the basement and severe emotional distress to the Plaintiffs.[15]

In the wake of the disaster, the Walkers discovered that Ryan Homes had failed to install the code-mandated backflow valve during construction, a defect that went

---

[8] *Id.* at ¶ 12.
[9] *Id.* at ¶ 17.
[10] *Id.* at ¶¶ 13, 15.
[11] *Id.* at ¶¶ 18–19.
[12] *Id.* at ¶ 26.
[13] *Id.* at ¶ 27.
[14] *Id.* at ¶¶ 28–31
[15] *Id.* at ¶¶ 30–31, 36-39.

undetected during the County's original inspection and issuance of the Certificate of Occupancy.[16]

### C. Procedural History

The Walkers initiated this action on November 25, 2025, asserting four counts: Count I-Negligent maintenance, operation, and inspection of sewer lines against the County;[17] Count II-Negligent construction, inspection and wrongful issuance of the Certificate of Occupancy against the County;[18] Count III-Negligence against Ryan Homes;[19] and Count IV-Breach of Contract against Ryan Homes.[20]

On January 14, 2026, the municipal defendants moved for partial dismissal.[21] They present three primary arguments: (1) Land Use and Public Works are not separate legal entities capable of being sued;[22] (2) the County is immune from liability regarding its inspections and the issuance of a Certificate of Occupancy;[23] and (3) Count II is alternatively barred by the applicable statute of limitations.[24] The Walkers opposed the motion.[25] In accordance with a stipulation and with leave of

---

[16] *Id.* at ¶¶ 35; 114.
[17] *Id.* at ¶¶ 40–55.
[18] *Id.* at ¶¶ 56–77.
[19] *Id.* at ¶¶ 78–100.
[20] *Id.* at ¶¶ 101–118.
[21] Mot.
[22] Mot. at 3.
[23] Mot. at 3–5.
[24] Mot. at 5–6.
[25] Opp'n.

Court,[26] the County filed a reply brief.[27] Ryan Homes is not implicated by the motion and takes no position.[28] The Court heard oral argument on May 19, 2026.[29]

## III.   STANDARD OF REVIEW

"The County and Municipal Tort Claims Act is an extension of the doctrine of sovereign immunity."[30] Delaware courts have treated municipal immunity claims as a challenge to the Court's subject matter jurisdiction.[31] While Delaware decisions have occasionally varied in their procedural approach to municipal immunity,[32] this Court finds that the same rationale governing the use of Superior Court Civil Rule 12(b)(1) for State Tort Claims Act immunity applies equally to municipal immunity under the Act.

When a party moves to dismiss under Rule 12(b)(1), the nonmoving party bears the burden of establishing that the Court possesses subject matter jurisdiction over the claims.[33] In evaluating a Rule 12(b)(1) motion, the Court is not limited to

---

[26] D.I. No. 13.
[27] Reply.
[28] D.I. No. 15.
[29] *See* D.I. No. 19.
[30] *Sadler v. New Castle Cnty.*, 524 A.2d 18, 24 (Del. Super. 1987).
[31] *See Santo v. Genesis Healthcare, Inc.*, 2023 WL 3493880, at *3 (Del. Super. May 16, 2023).
[32] *See Green v. Daly*, 2025 WL 2769222, at *2 n.1 (D. Del. Sep. 26, 2025) (discussing the confusion among the federal courts as to whether Rule 12(b)(1) or (6) applies). *See also Hood-Anderson v. New Castle Cnty., Del.,* 2026 WL 91492, at *11–13 (D. Del. Jan. 13, 2026) (applying Rule 12(b)(1)); *Marsh v. Town of Ellendale*, 2024 WL 5039299, at *2 (Del. Super. Dec. 9, 2024) (applying Rule 12(b)(6)); *Rishell v. Hartly Volunteer Fire Co.*, 2024 WL 385718, at *1 (Del. Super. Jan. 31, 2024) (applying Rule 12(b)(1)); *Anthony v. City of Dover*, 2015 WL 511170, at *1 (Del. Super. Jan. 29, 2015) (applying Rule 12(b)(6)).
[33] *Santo*, 2023 WL 3493880, at *2.

the face of the complaint and may consider relevant documents outside the pleadings to ascertain its jurisdictional authority.[34]

## IV.   DISCUSSION

### A.   The Administrative Departments are Not Suable Entities

As a threshold matter, the County moves to dismiss the Department of Land Use and the Department of Public Works because they lack the independent legal capacity to be sued.[35] It is well-established under Delaware law that internal administrative departments are merely subdivisions of the county government rather than separate legal entities.[36]

At oral argument, the Walkers properly conceded this point. Because the County itself is the only proper municipal defendant, the motion to dismiss is **GRANTED** as to the Defendants New Castle County Department of Land Use and New Castle County Department of Public Works.

### B.   Statutory Immunity Under the County and Municipal Tort Claims Act

#### 1.   *The CMTCA Statutory Framework*

The County and Municipal Tort Claims Act ("CMTCA") provides a broad grant of immunity to political subdivisions.[37] Under 10 *Del. C.* § 4011(a), all

---

[34] *Id.*
[35] Mot. at 3.
[36] *Shipley v. Orndoff*, 491 F. Supp.2d 498, 504 (D. Del. 2007).
[37] *See Willis v. City of Rehoboth Beach*, 2005 WL 1953028, at *2 (Del. Super. Jun. 24, 2005).

governmental entities are immune "from suit on any and all tort claims seeking recovery of damages," unless a specific statutory exception applies.[38]

A limited waiver of this immunity is found in 10 *Del. C.* § 4012, which permits property damage or bodily injury claims in three enumerated categories.[39] Relevant to this case, § 4012(3) waives immunity for negligent acts or omissions causing a "sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water."[40]

Crucially, the statutory framework contains an overriding limitation.[41] Even if a claim initially falls within a § 4012 waiver exception, 10 *Del. C.* § 4011(b) reestablishes absolute immunity if the underlying governmental activity involves certain core functions.[42] Specifically, § 4011(b)(2) explicitly shields a governmental entity from liability for damages resulting from: "[t]he undertaking or failure to undertake any judicial or quasi-judicial act, including, but not limited to, granting, granting with conditions, refusal to grant or revocation of any license, permit, order or other administrative approval or denial."[43]

---

[38] 10 *Del. C.* § 4011(a).
[39] 10 *Del. C.* § 4012.
[40] 10 *Del. C.* § 4012(3).
[41] 10 *Del. C.* § 4011(b).
[42] 10 *Del. C.* § 4011(b).
[43] 10 *Del. C.* § 4011(b)(2).

Thus, if the County's challenged conduct falls squarely within this quasi-judicial carve-out, the statutory inquiry ends and absolute immunity applies.

### 2. Application of the CMTCA to Count II

The County moved for dismissal of Count II,[44] which alleges that the County negligently inspected the lateral sewer line during construction and wrongfully issued the Certificate of Occupancy.[45] The Walkers contend that the County's immunity argument relies on a narrow reading of the Complaint, asserting that their claim is preserved by the environmental discharge waiver under 10 *Del. C. §* 4012(3).[46] The Court disagrees.

First, the statutory waiver under § 4012(3) does not apply to the core conduct alleged in Count II. The Walkers' claim in Count II targets the County's pre-occupancy *inspection* and the subsequent *issuance* of a regulatory document in the year 2000.[47] It does not challenge the operation or maintenance of the physical sewer infrastructure that led to the discharge in 2023, which is the separate subject of Count I.[48]

---

[44] Mot. at 3–5. The County acknowledges that one of the CMTCA's statutory exceptions to immunity means, at this stage in the proceedings, that dismissal of Count I, for failure to maintain, operate, and inspect sewer lines, would be inappropriate.

[45] Compl. at ¶¶ 56–77.

[46] Opp'n at ¶ 21.

[47] *See* Compl. at ¶¶ 56–77.

[48] *See* Compl. at ¶¶ 40–55.

Second, even if the Court were to find that § 4012(3) was implicated, the absolute immunity provisions of § 4011(b)(2) bar the claim. It is settled Delaware law that the acts of conducting code compliance inspections and issuing certificates of occupancy constitute quasi-judicial administrative approvals covered by § 4011(b)(2).[49] Hence, barring an additional exception, Count II would be barred by the County's immunity.

To circumvent this statutory bar, the Walkers rely on *In re Consolidated Flood Cases*,[50] to argue that § 4011(b) immunity disappears if the municipal conduct creates a public nuisance.[51] As an initial matter, the continued viability of a common-law public nuisance exception to clear statutory text remains highly questionable under Delaware jurisprudence.[52]

Regardless of its validity, the public nuisance doctrine is inapplicable here. A public nuisance requires an unreasonable interference with a right common to the general public, typically affecting an entire community or neighborhood.[53] The Walkers allege a localized sewage overflow confined strictly inside their private

---

[49] *Burns v. United Services Auto. Ass'n Properties Fund, Inc.*, 1991 WL 53399, at *1 (Del. Super. Mar. 14, 1991). The Walkers attempt to distinguish this case by arguing that it falls outside the § 4012 exceptions. However, as shown above, the *Burns* court did not need to reach that issue because a § 4011(b) exception applied to § 4012.

[50] 1993 WL 393044 (Del. Super. Aug. 13, 1993).

[51] Opp'n at ¶¶ 19–20.

[52] *See Dale v. Town of Elsmere*, 702 A.2d 1219, 1222 (Del. 1997) ("The . . . interpretation of *Consolidated Flood Cases*, as creating liability for any governmental action that impacts the public as arguably a public nuisance, is inconsistent with the plaint language of § 4011(b)(3).").

[53] Restatement (Second) of Torts § 821B (1979).

residence. Because the Complaint fails to allege broader, community-wide injury, the missing backflow valve cannot legally constitute a public nuisance. Accordingly, New Castle County is immune from liability under Count II as a matter of law, and the motion to dismiss this count is **GRANTED**.[54]

## V. CONCLUSION

For the foregoing reasons, the Municipal Defendants' Motion for Partial Dismissal is **GRANTED**.

Defendants New Castle County Department of Land Use and New Castle County Department of Public Works are hereby dismissed with prejudice. Count II of the Complaint against New Castle County is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[54] Because statutory immunity bars Count II, the Court need not address the County's alternative statute of limitations defense.

11